**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Chukwuma E. Azubuko

   v.                                            Civil No. 06-cv-266-SM

Massachusetts Lawyers Weekly

**REPORT AND RECOMMENDATION**

Before the Court is pro se and in forma pauperis plaintiff Chukwuma Azubuko's complaint asserting a defamation claim against the Massachusetts Lawyers Weekly. The matter is before me for preliminary review to determine, among other things, whether the complaint invokes the subject matter jurisdiction of this Court. See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B)(i). Because I find that it does not, I recommend that the action be dismissed for lack of subject matter jurisdiction. I further recommend that Azubuko be enjoined from filing any suit in this Court in the future without the prior approval of a judicial officer.

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to:

> (i) report and recommend to the court that the
> filing be dismissed because the allegation of

>       poverty is untrue, the action is frivolous or
>       malicious, fails to state a claim upon which relief
>       may be granted, or seeks monetary relief against a
>       defendant who is immune from such relief under 28
>       U.S.C. § 1915(e)(2); or it fails to establish
>       subject matter jurisdiction under Fed. R. Civ. P.
>       12(b)(1); or
>
>       (ii) grant the party leave to file an amended
>       filing in accordance with the magistrate judge's
>       directives; or
>
>       (iii) pursuant to Fed. R. Civ. P. 4(c)(2), appoint
>       a person to effect service.

LR 4.3(d)(1)(B). In conducting the preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard

of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

Although the allegations presented in the complaint are not entirely comprehensible, reading the assertions indulgently, it is possible to identify the facts essential to this matter. Azubuko appears to assert that his civil rights have been violated because an article appearing in the November 14, 2005 edition of the Massachusetts Lawyers Weekly defamed and libeled him.  The article is attached to the complaint and discusses Azubuko's contentious experiences before several federal courts.

The Massachusetts Lawyers Weekly is the only defendant named to this action.  Azubuko has provided addresses in Boston, Massachusetts for both himself and the defendant.

## Discussion

1.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 US. 375, 377 (1994).  The

presumption is that a federal court lacks jurisdiction.  <u>Id.</u>  Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it.  <u>Id.</u>; <u>see</u> <u>also</u> <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986).  To bring a civil action within the court's subject matter jurisdiction, a plaintiff must allege that his action either involves a federal question, or involves citizens from different states and an amount in controversy in excess of $75,000.  <u>See</u> 28 U.S.C. §§ 1331 & 1332.  If it appears that the court lacks subject matter jurisdiction over the matter, the court is required to dismiss the action.  Fed. R. Civ. P. 12(h)(3).

    A.   <u>Diversity Jurisdiction</u>

Although plaintiff has alleged nine and a half million dollars in damages, and has therefore met the amount in controversy requirement of 28 U.S.C. § 1332, the complaint does not allege that the parties are citizens of different states.  The only address information submitted by Azubuko indicates that both he and the Massachusetts Lawyers Weekly are located in Massachusetts.  Therefore, Azubuko has not alleged diversity jurisdiction.  <u>See</u> 28 U.S.C. § 1332.

B.   Federal Question Jurisdiction

Azubuko has alleged that the defendant, a private publication, has defamed him.  Azubuko alleges that his claim arises under 42 U.S.C. § 1981 which proscribes intentional racial discrimination.  Alexis v. McDonald's Rests. of Mass., Inc., 67 F.3d 341, 346 (1st Cir. 1995) (citing Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982) and Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 17 (1st Cir. 1989)). Section 1981 gives rise to a cause of action against both private and public actors.  See Powell v. City of Pittsfield, 143 F. Supp. 2d 94, 112 (D.Mass. 2001).

Section 1981 claims must allege both purposeful discrimination, and a specific impairment of one or more of the rights enumerated in the statute, which provides as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a); Gratz v. Bollinger, 539 U.S. 244, 276 n.23 (2003) (citing Gen. Bldg. Contractors Ass'n, 458 U.S. at 389-90).

Here, Azubuko has baldly alleged that the Massachusetts Lawyers' Weekly violated his civil rights by defaming him. The article in question, which Azubuko has submitted as part of his complaint is not complimentary to Azubuko, but no factual basis upon which a conclusion of racial animus on the part of the publication appears either in the article or in Azubuko's complaint. Further, Azubuko has not demonstrated how any of the enumerated rights protected by § 1981 have been violated in this case. Accordingly, I find that Azubuko has failed to state a claim under § 1981 and therefore, has not raised a federal question in his complaint, as a claim alleging defamation not motivated by racial animus, arises as a tort under state law.

2.   <u>Abusive Litigation Practices</u>

It is worth noting that the article in question in this case was about Azubuko's vexatious and abusive litigation practices in various courts in the United States. A simple Westlaw search using plaintiff's name reveals more than seventy cases in the federal district courts located in New Jersey, Massachusetts, the Northern District of Texas, the Eastern District of Tennessee, Delaware, Florida, the Eastern District of Pennsylvania, the Eastern District of Louisiana, Connecticut, and Rhode Island, as

well as the First, Second, Third, Fourth, Ninth, Tenth, and District of Columbia Circuit Courts of Appeals, the United States Supreme Court, and various state courts in which Azubuko has entered into litigation.  This list is not exhaustive of cases filed by Azubuko in the state and federal courts of the United States, merely illustrative of Azubuko's filing practices.

Azubuko has been enjoined from filing civil actions in the United States District Court for the District of Massachusetts as a result of his vexatious filing practices there.  <u>Chukwu v. Registry of Motor Vehicles, et al.</u>, C.A. No. 95-11661-WGY, docket no. 13 (Order directing clerk not to accept for filing any further documents tendered pro se by plaintiff unless certain conditions were met) (D.Mass. Sept. 6, 1995).  That Order was reaffirmed in <u>Azubuku v. Commonwealth Auction Ass'n</u>, C.A. 03-10053-PBS, docket no. 3 (Memorandum and Order) (D.Mass. Dec. 17, 2003) and <u>Azubuko v. Suffolk Super. Ct., et al.</u>, C.A. No. 05-10609-RCL, docket no. 12 (Order for dismissal) (D. Mass. Apr. 6, 2006).  In an effort to circumvent the filing restrictions placed upon him by the United States District Court for the District of Massachusetts, Azubuko has filed actions in the Districts of Florida, Georgia, Louisiana, Delaware, Michigan, and now this

Court.[1]  These actions allege causes of action appropriately brought in the District of Massachusetts, which has personal jurisdiction over both the plaintiff and the defendants named by plaintiff.

A federal court may not sua sponte raise the issue of personal jurisdiction as the basis for dismissing a case, as personal jurisdiction is a waivable individual liberty right. McBee v. Delica Co., Ltd., 417 F.3d 107, 127 (1st Cir. 2005). Azubuko, as a law school graduate, is aware, however, that should the defendant in this case assert this Court's lack of personal jurisdiction as a defense, it would very likely be successful as there is no apparent basis upon which this Court could exercise personal jurisdiction over the defendant in this case absent the defendant's waiver.  Accordingly, I find that the only possible purpose Azubuko had in filing this matter in this Court was to attempt to evade the filing restrictions he would face in the District of Massachusetts.

---

[1] This case is one of four cases recently filed in this Court by Azubuko, all of which would more appropriately have been brought in the District of Massachusetts.  See Azubuko v. Mass. Ass't Att'y Gen., et al., Civ. No. 06-267 (filed July 19, 2006); Azubuko v. Coffey, et al., Civ. No. 06-323 (filed August 31, 2006); Azubuko v. United States Court of Appeals – Tenth Cir., Civ. No. 06-00333 (filed Sept. 7, 2006).

"Federal courts plainly possess discretionary powers to regulate the conduct of abusive litigants." Cok v. Fam. Ct. of R.I., 985 F.2d 32, 34 (1st Cir. 1993). This power encompasses the Court's ability to enjoin a pro se party from filing frivolous and vexatious pleadings. See United States v. Gomez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005). Where a litigant has demonstrated a "propensity to file repeated suits . . . involving the same or similar claims" of a "frivolous or vexatious nature," a bar on further filings is appropriate. Castro v. United States, 775 F.2d 399, 409 (1st Cir. 1985) (per curiam) (abrogated on other grounds by Stevens v. Dep't of the Treasury, 500 U.S. 1 (1991)). An injunction on the ability to file lawsuits should be tailored to the specific circumstances presented, particularly when issued against a pro se plaintiff. Cok, 985 F.2d at 34-35. A comprehensive filing ban should occur only where clearly indicated by the record in a particular case. Id. at 36 (warning that injunction restricting all court access should be issued "only when abuse is so continuous and widespread as to suggest no reasonable alternative").

This Court is mindful of the severity of issuing a broad injunction against a pro se plaintiff. See Castro, 775 F.2d at 410 ("[I]f an injunction against future litigation were couched

in overly broad terms, this could impermissibly infringe upon a litigator's right of access to the courts"); <u>Pavilonis v. King</u>, 626 F.2d 1075, 1079 (1st Cir.), <u>cert. denied</u>, 449 U.S. 829 (1980).

Of course, litigiousness alone will not support an injunction.  <u>See</u> <u>Pavilonis</u>, 626 F.2d at 1079.  However, Azubuko's filing practices have been abusive and persistent.  Azubuko has unduly burdened the judicial resources of the courts of the United States with groundless lawsuits despite being previously enjoined from filing lawsuits without leave of court and sanctioned for repeatedly violating that injunction.  Accordingly, this Court finds that the only way to assure that this Court is not further burdened by Azubuko's proliferation of lawsuits is to enjoin him from filing any suit without first seeking leave from a judicial officer.  I recommend that the following injunction issue against plaintiff Chukwuma Azubuko[2],

> Chukwuma Azubuko is permanently enjoined and restrained from continuing, instituting or prosecuting without prior leave of court, this or any other legal proceeding in this Court.

---

[2] Azubuko also files lawsuits under the name Chukwu Azubuko and Azubuko Chukwuma.  This injunction, if approved, will apply to all suits filed with those names as well.

>Chukwuma Azubuko may seek leave of Court by filing
>a complaint that clearly states the claims he seeks
>to raise, together with an affidavit certifying
>that the claims have not previously been raised
>before this Court or any other federal or state
>court, and that this Court has jurisdiction over
>the subject matter and the parties in the case.
>
>Chukwuma Azubuko will be required to pay the filing
>fee or file an in forma pauperis application at the
>time of filing.
>
>Any filing presented to the Clerk's Office by
>Chukwuma Azubuko shall be put into a master
>miscellaneous file and presented to a magistrate
>judge or district judge for review.  The judge
>shall determine whether the filing complies with
>the terms of the injunction, and issue a report and
>recommendation or an order accordingly.  If the
>filing violates the injunction, the court will
>reject the filing and return the filing fee.
>
>This injunction does not prevent Azubuko from
>pursuing any meritorious claims which may arise in
>the future, and that are appropriately brought in
>this Court, but rather is intended to prevent
>Azubuko from improperly utilizing the resources of
>this Court as a venue to persist in his abusive
>litigation practices.

<u>Conclusion</u>

For the reasons stated herein, I recommend that the claims be dismissed.  <u>See</u> LR 4.3(d)(1)(B).  I further recommend that the injunction contained in this report and recommendation be issued.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to

appeal the district court's order.  See <u>Unauth'd Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead<br>
James R. Muirhead<br>
United States Magistrate Judge

Date:     November 9, 2006

cc:       Chukwuma Azubuko, pro se

12